U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 8 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIVIAN MICHAEL CRAIG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0641-R |
| | § | |
| BILL BELL | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Plaintiff Vivian Michael Craig, appearing *pro se*, against Rockwall County Judge Bill Bell. On April 1, 2005, plaintiff tendered a one-page handwritten complaint and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff filed his interrogatory answers on April 25, 2004. The court now determines that this action is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff appears to seek a court order requiring the defendant to order the Treasury Department to send him some kind of check. However, his complaint and interrogatory answers wholly fail to establish a basis for federal subject matter jurisdiction or show that plaintiff is entitled to relief. Instead, these pleadings consist of rambling, disconnected words and phrases which are impossible to decipher.[1] As a result, plaintiff's complaint is without an arguable basis in law or in fact and should be dismissed as frivolous.

III.

The court has an obligation to protect the orderly administration of justice and can issue injunctive relief to discharge that duty. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Sanctions are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--

---

[1] By way of example, plaintiff was asked to specify the facts giving rise to his claim against Defendant Bill Bell. Plaintiff responded, "For settlement, and show entitlement for the check, Commissioner Wimpee presented a notice, to judge, Bell, from Dallas, Church, and Federal, Government, know what." (*Spears* Quest. #1).

indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions include restrictions on the ability to file *in forma pauperis* without leave of court. *Lay v. Anderson*, 837 F.2d 231, 233 (5th Cir. 1988); *Procup v. Strickland*, 792 F.2d 1069, 1072-73 (11th Cir. 1986).

The court notes that this is the third civil action filed by plaintiff seeking a treasury check he contends is worth $415 million. Like the instant case, the other two lawsuits were summarily dismissed as frivolous. *Craig v. Blackburn*, 2004 WL 1109443 (N.D. Tex. May 17, 2004), *rec. adopted*, 2004 WL 1393766 (N.D. Tex. Jun. 21, 2004); *Craig v. Blackwood*, 2004 WL 557318 (N.D. Tex. Feb. 11, 2004). In view of this conduct, plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

DATED: April 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE